UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------ x
SCOTT HILL,

                           Plaintiff,

                -against-

THE PEOPLE OF THE STATE OF NEW YORK,

                         Defendant.
------------------------------------------------------------ x

TRANSFER ORDER

17-cv-458 (ENV) (JO)

VITALIANO, D.J.

*Pro se* plaintiff Scott Hill brings this action pursuant to 42 U.S.C. § 1983, claiming that several unidentified court officers assaulted him during a court appearance in a New York County state court on January 18, 2016. (Compl. at 6-7, ECF No. 1). For the reasons that follow, this action is transferred to the United States District Court for the Southern District of New York.

Pursuant to the venue provision governing civil actions filed in federal district courts, a civil action may be brought in:

    (1)    a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;

    (2)    a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or

    (3)    if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b). When a case is filed in the wrong district, a district court "shall dismiss, or if it be in the interest of justice, transfer such case to any district . . . in which it could have been brought." *Id.* § 1406(a).

1

Because Hill's complaint does not allege any facts suggesting Eastern District residences for the unidentified officers who allegedly assaulted him, venue here cannot be justified under § 1391(b)(1). Moreover, the Eastern District is not a proper venue under § 1391(b)(2) because the alleged assault took place, it is alleged, solely in New York County. *See id.* § 112(c). Section 1391(b)(3) does not come into play here because the Southern District would be a proper venue for this action under § 1391(b)(2). *See id.* § 112(b).

Rather than dismiss this case improperly initiated in this district, however, the Court will exercise its discretion, in the interest of justice, to transfer the case across the East River to its proper venue in the Southern District. *See id.* §§ 112(b), 1391(b)(2), 1406(a). In so doing, the Court offers no opinion on the merits of the complaint. Any ruling on plaintiff's application to proceed *in forma pauperis*, (Pl.'s Mot., ECF No. 2), is reserved for the transferee court.

## Conclusion

For the reasons stated above, this case is hereby transferred to the United States District Court for the Southern District of New York. No summons shall issue from this Court. That provision of Rule 83.1 of the Local Rules of the Eastern District of New York, which provides for a seven-day delay in the transfer of a case, is waived.

The Clerk of Court is therefore directed to transfer this case, to mail a copy of this Transfer Order to plaintiff and, following transfer, to close this docket for administrative purposes.

So Ordered.

Dated: Brooklyn, New York
February 17, 2017

s/Eric N. Vitaliano
_____
ERIC N. VITALIANO
United States District Judge